■ In the Matter of KEVIN MAYS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [664 NYS2d 854] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of violating prison disciplinary rule 102.10 prohibiting threats (*see,* 7 NYCRR 270.2 [B] [3] [i]) and rule 104.10 prohibiting, *inter alia,* conduct involving the threat of violence (*see,* 7 NYCRR 270.2 [B] [5] [i]). The charges stem from statements made on the last page of a 10-page, single-spaced document, which details perceived

discriminatory practices at Great Meadow and was sent to, among others, elected officials, the news media and respondent. As relevant here, the document reads: "Therefore; we call upon you to assist us now, not after we blow this building up like a Thermonuclear Bomb. [P]lease support us in this urgent time of need. Help us avoid a repeat of ATTICA 1971." After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding which was transferred to this Court.

Rule 102.10 provides that "[i]nmates shall not, *under any circumstances* make any threat, spoken, in writing, or by gesture" (7 NYCRR 270.2 [B] [3] [i] [emphasis supplied]), and rule 104.10 provides that "[i]nmates shall not * * * engage in *any * * * conduct* involving the threat of violence" (7 NYCRR 270.2 [B] [5] [i] [emphasis supplied]). Although the offending statements, in context, appear to be little more than political comment on the part of the signatories to the document, they are no less threats to destroy property of Great Meadow if the requested assistance is not given and to repeat a past prison riot of known severity. To this end, we note that petitioner admitted that he authored and signed the document and other inmates admitted that they also signed it. Accordingly, substantial evidence exists supporting the finding of guilt as to both charges.

Moreover, contrary to petitioner's contention, Correction Law § 138 (4)* does not sanction statements which constitute violations of prison rules 102.10 and 104.10 (*see, Matter of Cabassa v Kuhlmann*, 173 AD2d 973, 974, *lv denied* 78 NY2d 858). Nor are we persuaded that petitioner has been impermissibly punished for exercising his 1st Amendment rights.

Petitioner's argument that the charges were retaliatory in nature is rejected as he has failed to offer evidence to substantiate this claim (*see, Matter of Hendricks v Selsky*, 241 AD2d 245). Upon review of the record, we are also satisfied that petitioner was provided access to all relevant and available requested documents and that he received adequate employee assistance (*see, Matter of Llull v Coombe*, 238 AD2d 761, *lv denied* 90 NY2d 804). Furthermore, we find that the Hearing Officer made a diligent and meaningful effort to obtain the testimony of an inmate witness by requesting a correction officer to interview him for that purpose. The correction officer

---

* This provision provides that "[i]nmates shall not be disciplined for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution."

testified that the inmate refused to testify and signed a form to that effect, maintaining that he had no involvement in or knowledge of the incident (see, Matter of Luna v Coughlin, 210 AD2d 757, 758). Finally, absent evidence that the Hearing Officer participated in the investigation or was involved in the preparation of the misbehavior report (see, 7 NYCRR 253.1 [b]), we find no basis to conclude that either bias or a conflict of interest existed, or that the outcome of the hearing was affected thereby (see, Matter of Nieves v Coughlin, 157 AD2d 943, 944).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.