■ In the Matter of MARIN CONSTRUCTION CORP., Petitioner, v ELEANOR SCATLIFFE et al., Respondents. [706 NYS2d 96] —Determination of respondent Department of Consumer Affairs, dated June 29, 1998, which found petitioner in violation of title 20 of the Administrative Code of the City of New York and title 6 of the Rules of the City of New York and thereupon revoked petitioner's home improvement contractor license and ordered it to make restitution in the amount of $34,777.39 and pay fines totaling $400, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered on or about September 3, 1999) dismissed, without costs.

There is no basis to disturb respondent's determination, premised largely on its assessment of witness credibility, that petitioner failed to comply with the parties' settlement agreement, and thus exposed itself to penalties, including the reinstatement of prior charges and revocation of its home improvement contractor license (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Petitioner's claim that the Administrative Law Judge was biased, incompetent in her rulings and without understanding of basic law is not supported by the record. Although petitioner was entitled to unbiased agency decision-making, the mere allegation of bias will not suffice. "There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (*Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125). Petitioner's showing satisfied neither of these criteria.

The penalties imposed were not so disproportionate as to shock our sense of fairness, especially since respondent Department of Consumer Affairs has broad discretion in imposing sanctions to protect the public and petitioner was put on notice at the time the settlement was entered into that its failure to comply therewith would result in penalties, including revocation of its license.

Motion granted to the extent of directing that the funds escrowed pursuant to the unpublished order of this Court entered November 9, 1999 (M-6531) be applied toward petitioner's obligation in restitution. Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.