■ MARIA F. MURDOCK, Appellant, v AMERICAN HORSE SHOWS ASSOCIATION, INC., Respondent. [731 NYS2d 616] —Order and judgment (one paper), Supreme Court, New York County (Paula Omanksy, J.), entered on or about December 15, 2000, which, *inter alia*, denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent's determination requiring petitioner to return all trophies, ribbons, prizes and money awarded to her horse in the subject show and pay a $50 fee, unanimously affirmed, with costs.

A hearing pursuant to CPLR 7804 (h) was not required on the issue of respondent's jurisdiction over an affiliate organization, the issue having been properly resolved in respondent's favor by the article 78 court based on the plain language of respondent's rules as interpreted by respondent's voluntary members, experts in the subject area of sport competition (*see, Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 266). Respondent's determination was not arbitrary and capricious (*see, Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993), and the article 78 court properly found no evidence to suggest that bias or conflict of interest, if any, affected the challenged outcome (*see, Matter of Marin Constr. Corp. v Scatliffe*, 271 AD2d 206; *Matter of Mays v Goord*, 245 AD2d 610, 612). We have considered petitioner's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.