# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1949

GREGORY HALE,

*Plaintiff-Appellant,*

v.

AUGUSTUS SCOTT, JR., *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-CV-3052—**Harold A. Baker**, *Judge.*

_____

SUBMITTED APRIL 19, 2004—DECIDED JUNE 14, 2004

_____

Before POSNER, EVANS, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* Hale, an Illinois prison inmate, brought this suit against members of the prison's staff under 42 U.S.C. § 1983, claiming that they had deprived him of his freedom of speech by disciplining him for having included in a prison grievance that he filed an accusation of sexual misconduct by a prison guard. There is also a retaliation claim, but it is completely groundless and needn't be

discussed. The district court granted summary judgment for the defendants on both claims.

In the grievance Hale complained that a female guard named Drone had failed to notify him that it was time to eat, but he embellished the complaint with mention of a "rumor" that Drone was "screwing a lot of the Officer's on the midnight shift along with a few Sergants and Lt's. etc." After the prison investigated the rumor and found it to be baseless, Hale was punished for violating a prison regulation that forbids "insolence," defined as "talking, touching, gesturing or other behavior that harasses, annoys, or shows disrespect." Ill. Admin. Code tit. 20, § 504, App. A. He was placed in disciplinary segregation for a week and deprived of certain privileges.

The inclusion in Hale's grievance of the rumor of Drone's sexual misconduct was libelous, and even if a prison grievance were the legal equivalent of a pleading in court, a libel so unrelated to the subject of the pleading would not be privileged. *Defend v. Lascelles*, 500 N.E.2d 712, 716 (Ill. App. Ct. 1986); *Ginsburg v. Black*, 192 F.2d 823, 824 (7th Cir. 1951); *Spencer v. Spencer*, 479 N.W.2d 293, 295-96 (Ia. 1992); *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 163 (Tenn. App. 1997); *Freeman v. Cooper*, 390 So. 2d 1355, 1347, 1360 (La. App. 1980). Nor is a libel privileged by being labeled a "rumor" the accuracy of which the libeler declines to vouch for. *Cobbs v. Chicago Defender*, 31 N.E.2d 323, 325 (Ill. App. 1941); *Chang v. Michiana Telecasting Corp.*, 900 F.2d 1085, 1090 (7th Cir. 1990); *Ringler Associates Inc. v. Maryland Casualty Co.*, 96 Cal. Rptr. 2d 136, 148 (App. 2000). This is implicit in the rule that republishing a libel is not privileged, *Owens v. CBS Inc.*, 527 N.E.2d 1296, 1308 (Ill. App. 1988), even though the republisher doesn't vouch for its truth. A "rumor" defense would be particularly unfortunate. It often is impossible to track down a rumor to its source; such a defense would

therefore insulate many libels, however outrageous, from legal sanctions. As there is no indication that Hale had any basis for believing the rumor about Drone to be truthful, he was guilty of "actual malice" and so his libel was unprotected by the Constitution.

It would be unprotected even if the "actual malice" rule would privilege the repetition of the rumor in other settings. Prison regulations that forbid inmates to behave insolently toward guards are constitutional irrespective of *New York Times v. Sullivan. Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986). "If inmates have some First Amendment rights, still they only have those rights that are consistent with prison discipline." *Id.* at 580; see also *Shaw v. Murphy*, 532 U.S. 223, 229 (2001); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). In *Ustrak*, where the inmate had written a letter calling prison officials "stupid lazy assholes," we upheld the imposition of discipline for abusive and disrespectful conduct because the regulation forbidding such conduct bore a "direct and elementary relation to the needs of prison administration." 781 F.2d at 580. Accusations of sexual misconduct unrelated to the accusing inmate's legitimate concerns (Hale was not, for example, accusing Drone of sexual harassment of him) are species of such insolence. *Hadden v. Howard*, 713 F.2d 1003, 1008-09 (3d Cir. 1983); cf. *Leonard v. Nix*, 55 F.3d 370, 375 (8th Cir. 1995). To privilege them merely because they are appended irrelevantly to a grievance would make no sense. *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998); *Leonard v. Nix, supra*, 55 F.3d at 375; *Hadden v. Howard, supra*, 713 F.2d at 1005-07; cf. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Hale is like the "purveyor of pornographic pictures [who] pastes a copy of the Declaration of Independence on the back of each picture and argues that judged as a whole his product has redeeming social value. *United States v. A Motion Picture Film Entitled 'I Am Curious-Yellow,'* 404 F.2d 196, 201 (2d Cir.

1968) (Friendly, J., concurring); see *Valentine v. Chrestensen*, 316 U.S. 52 (1942)." *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 519 (7th Cir. 2002). Anyway, groundless allegations in a legal pleading can be sanctioned, see, e.g., Fed. R. Civ. P. 11(b)(2); *In re Mann*, 311 F.3d 788 (7th Cir. 2002), without anyone supposing that First Amendment issues are raised; it would be beyond paradoxical to suggest that if the allegations happened to be not only baseless but also libelous they would be entitled to greater legal protection.

We are mindful of *Hargis v. Foster*, 312 F.3d 404, 409-12 (9th Cir. 2002), where a divided panel of the Ninth Circuit held that a court can uphold discipline (in that case for threatening a guard with a lawsuit if he failed to comply with the prisoner's demand) only if, in the court's judgment, the particular violation of a lawful prison regulation warranted the discipline. The court would thus have to decide "whether Hargis's statements in fact implicated legitimate security concerns," *id.* at 411, or whether, on the other hand, "charging Hargis with such a severe disciplinary infraction as coercion was an 'exaggerated response' to conduct that posed, at most, a de minimis risk to security." *Id.* at 412. Judge Tallman's dissent demonstrates the inconsistency of the majority opinion with the prison jurisprudence of the Supreme Court. *Id.* at 413-16. If the prisoner can show that he did not violate the regulation, then he may have a remedy. But merely to show that the needs of the prison did not require that the regulation be enforced in the particular case against a particular prisoner and by means of the particular sanction chosen by the prison authorities does not justify federal judicial intervention. *Ustrak v. Fairman, supra*, 781 F.2d at 575; *Hameetman v. City of Chicago*, 776 F.2d 636, 641 (7th Cir. 1985); *Interstate Towing Ass'n, Inc. v. City of Cincinnati*, 6 F.3d 1154, 1164 n. 10 (6th Cir. 1993). The effect of such intervention would be to treat valid

regulations as merely presumptively valid, to shift sanctioning discretion from the prison authorities to the federal courts, and in short to intrude those courts too deeply into the day-to-day operation of the nation's prisons.

AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*