UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 9, 2006[*]
Decided March 23, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2898

| | |
|---|---|
| ANTHONY SMITH,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CECIL DAVIS, Superintendent, *et al.*,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.<br><br>No. 3:02-CV-0233-PPS<br><br>Philip P. Simon,<br>*Judge.* |

**O R D E R**

Indiana inmate Anthony Smith appeals from a jury verdict in favor of four correctional officials, finding them not liable for damages in Smith's suit under 42 U.S.C. § 1983, for mistreatment during an assault investigation and retaliation for filing a grievance. He also appeals the denial of his request for an injunction preventing the defendants from retaliating against him in the future and immediately releasing him from segregation. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Gilbert Peters, a correctional case manager, and Troy Cambe, a correctional officer, investigated claims made by confidential informants that Smith assaulted another inmate, Ricky Keith. Smith and Keith both denied that the assault occurred. Smith became upset at the accusation and called Cambe a "peon" and insisted that both officials fabricated the assault charges. Nonetheless, Smith was placed on "key-lock status" while the assault was investigated, and correctional investigator Charles Whelan ultimately concluded that there was not enough evidence to prove Smith assaulted Keith. Smith then filed a grievance against Peters and Cambe, claiming that they abused their authority and attempted to coerce Keith to confirm the assault. Approximately three weeks later Smith was placed in administrative segregation. Smith believed that several prison officials with supervisory capacity, including Edwin Buss, the assistant superintendent of operations, authorized Peters and Cambe to reclassify Smith and place him in administrative segregation based on the alleged assault and out of retaliation for his having filed the grievance. He has remained in segregation for three years and appears to still be there.

Smith filed a § 1983 suit against Peters, Cambe, and Buss, as well as Whelan and three other prison officials with supervisory authority. He alleged that these defendants retaliated against him for filing the grievance by placing him in administrative segregation and holding him there indefinitely. He also sought an injunction ordering prison officials to never retaliate against inmates for filing grievances, and to immediately release him from administrative segregation into the general population.

The district court screened Smith's complaint under 28 U.S.C. § 1915A, and dismissed several claims related to his alleged mistreatment during the assault investigation. The court granted Smith leave to proceed against all officials in their individual capacities for damages related to retaliation, and leave to proceed on his claim for injunctive relief against all defendants except Peters and Cambi in their official capacities.

A jury found that Smith was the victim of retaliation and awarded him one dollar in compensatory damages each from Cambe, Peters, and Buss. The jury also awarded $1000 in punitive damages from both Cambe and Peters and $200 from Buss. The jury found the four other officials not liable for retaliation. After trial Cambe, Peters, and Buss moved under Fed. R. Civ. P. 50 for judgment as a matter of law, and the court denied the motion. The district court also denied Smith's request for a permanent injunction prohibiting prison officials from retaliating against inmates who filed grievances because he could not show that the prison had a policy of such retaliation. In addition the court denied Smith's request to enjoin

the prison from continuing to hold him in segregation; according to the court, Smith's placement in segregation promoted legitimate penological interests, given his gang affiliation, as well as his history of prior disorderly conduct and prior acts of intimidation.

Proceeding pro se on appeal, Smith first contests the dismissal of his First Amendment claims that the district court dismissed in its initial screening order. As the district court noted, however, such free speech claims for calling prison officials names are without merit and the claims were properly dismissed. *See Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004); *Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986).

Smith also seems to argue that the jury could not have made its liability findings based on the evidence presented at trial. Smith contends that the four prison officials found not guilty of retaliation bore supervisory liability because they were aware of and approved Peters' and Cambe's conduct. He argues that officers Davis, Anderson, Batchelor, and Whelan knew of the retaliation as a result of the grievance he filed, and knowingly and willingly participated in the retaliation, or at least recklessly failed to stop it. The jury, however, considered Smith's evidence as well as the defendants' testimony that they were not aware of Smith's grievance at the time he was placed in administrative segregation. Ultimately the jury found that Smith failed to establish these four officers' liability, and Smith has offered no reason to disturb the jury's assessment of the facts. *See Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 581 (7th Cir. 2003); *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002).

Finally Smith appears to argue that the district court should have granted his requests for injunctive relief and ordered his release from segregation because, he believes, he is still being held in retaliation for filing his grievance. The district court declined to order Smith released from segregation, however, based on its conclusion that his placement there promoted legitimate penological interests. The court also declined Smith's request for a permanent injunction prohibiting the prison from retaliating against inmates who file grievances because Smith failed to prove at trial that the prison had a policy or custom of engaging in such retaliation. The court did not abuse its discretion by declining to order these injunctions. *See Denius v. Dunlap*, 330 F.3d 919, 928 (7th Cir. 2003).

AFFIRMED.