■ In the Matter of INJAH TAFARI, Respondent-Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant-Respondent. [881 NYS2d 509]—

Lahtinen, J. Cross appeals from a judgment of the Supreme Court (Devine, J.), entered January 21, 2008 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul two determinations of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging two guilty determinations of harassment based on misbehavior reports dated February 7, 2007 and April 6, 2007. Supreme Court affirmed the guilty determination from the April 2007 misbehavior report, but, pursuant to 7 NYCRR 701.6 (b), found, among other things, that petitioner's use of vulgar and abusive language within the grievance process did not support the February 2007 misbehavior report and ordered the report expunged. Although both parties filed notices of appeal of this decision, the only issue to be determined is whether Supreme Court's determination regarding the February 2007 misbehavior report was correct.

Respondent contends that Supreme Court erred in determining that, pursuant to 7 NYCRR 701.6 (b), petitioner's conduct did not warrant a misbehavior report. We agree. As pertinent here, 7 NYCRR 701.6 (b) reads that "[n]o reprisals of any kind shall be taken against an inmate or employee for good faith utilization of [the] grievance procedure" and "[a] grievant shall not receive a misbehavior report based solely upon an allegedly false statement made by the inmate to the grievance committee." However, in our opinion, the protection against reprisal af-

forded a grievant does not allow the grievant to engage in conduct that would be punishable outside of the grievance procedure (*see generally Hale v Scott*, 371 F3d 917, 919 [7th Cir 2004]; *Cowans v Warren*, 150 F3d 910, 911-912 [8th Cir 1998]; *Matter of Mays v Goord*, 245 AD2d 610, 611 [1997]).

Here, petitioner's grievance was related to an alleged statement by the correction officer that the officer wanted to poison petitioner's food and she wanted petitioner to die. The remainder of the grievance set forth obscene and abusive descriptions of the officer. Petitioner was disciplined for those obscene and abusive statements attacking the officer which were totally irrelevant to petitioner's actual grievance and, if proffered outside of the grievance procedure, would clearly have been punishable (*see* 7 NYCRR 270.2 [B] [8] [ii]). In our view, prohibiting the use of such language in petitioner's grievance does not undermine the protections afforded the good-faith use of the grievance procedure. Accordingly, we reverse that portion of Supreme Court's judgment as held that the use of obscene and abusive language in petitioner's grievance could not form the basis of a misbehavior report.

Cardona, P.J., Peters, Kane and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to annul the determination finding petitioner guilty of harassment pursuant to the February 2007 misbehavior report; petition dismissed to that extent and said determination confirmed; and, as so modified, affirmed.