**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2018[*]
Decided February 28, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 17-1816 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| GARY LEE BENNETT, *Plaintiff-Appellant,* | |
| *v.* | No. 15-CV-1097-JPS |
| MICHAEL MEISNER, *et al.,* *Defendants-Appellees.* | J.P. Stadtmueller, *Judge.* |

**Order**

Gary Bennett contends in this suit under 42 U.S.C. §1983 that prison officials in Wisconsin violated the First Amendment, applied to the states through the Fourteenth, by punishing him for filing grievances. The district court granted summary judgment in defendants' favor. 2017 U.S. Dist. LEXIS 23051 (E.D. Wis. Feb. 17, 2017).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The claim boils down to an assertion that Daisy Chase, a Unit Manager at Redgranite Correctional Institution, punished Bennett by sending him to a lockup just because he filed a complaint—not because of what it said, but just because he had filed one. This is the step that Bennett says violated the Constitution by penalizing his speech. Chase, by contrast, says that she ordered the lockup because Bennett's complaint accused members of the staff of inappropriate behavior, and prison policy requires a lockup in this situation to permit an unhindered investigation. Bennett's allegations later were found to be false, and he was punished by 90 days' segregation. Bennett does not ask us to disagree with the disciplinary panel's factual conclusions, which have the support of some evidence; and if the complaint indeed made false allegations, it lacks constitutional protection, for prisoners do not have the same speech rights as free persons. See, e.g., *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004). Still, Bennett asks us to ignore the findings on the ground that they follow from Chase's decision, which he says was invalid because it was based on the very fact that he had filed a complaint.

Bennett's problem on that score is that Chase says that she *had* read the complaint before ordering the lockup. Bennett lacks any contrary evidence. He observes that Chase ordered the lockup only a few hours after he filed the complaint, but that does not prove (or even tend to show) that she didn't read the complaint. There is just no evidence in Bennett's favor, so summary judgment was proper.

The parties and the district judge have discussed at length how Redgranite's complaint procedure is supposed to work, whether oral grievances up the chain of command should precede written complaints, and so on, but none of this affects the outcome, so we do not discuss these matters.

Similarly, we do not discuss state rules and regulations. If, as Bennett says, defendants violated these in the course of addressing his complaint (and finding that he had lied about the staff), then he may have a claim under state law, but a violation of state law does not support relief under §1983. See *Lennon v. Carmel*, 865 F.3d 503, 509 (7th Cir. 2017); *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004).

AFFIRMED